UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**EUSTACHE INSTITUTE LLC,**

      Plaintiff,

v.                                                 Case No: 6:24-cv-1288-EJK

**WARD PHOTONICS, LLC and**
**TERRY J. WARD,**

      Defendants.

## ORDER

This cause comes before the Court on Defendants' Amended Motion to Quash Service of Process (the "Motion") (Doc. 19), filed September 6, 2024. On October 4, 2024, Plaintiff filed a response in opposition. (Doc. 26.) The Motion is now ripe for review. Upon consideration, the Motion is due to be denied.

**I.    BACKGROUND**

On May 7, 2024, Plaintiff initiated a civil action against Defendants in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, seeking relief under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et seq.*, alleging claims for breach of warranty of fitness and breach of warranty of merchantability. (Docs. 1; 1-1.) Defendant Terry J. Ward is a member of Defendant Ward Photonics, LLC ("Ward Photonics"). (Doc. 1-1 ¶ 3.) In the Complaint, Plaintiff alleges that Defendants concealed knowledge that

their fat elimination products known as UltraSlim and UltraSmooth do not perform as advertised, and that Defendants also failed to properly replace, repair, or refund Plaintiff's returned products. (Doc. 1-1 at 4–5.) On July 15, 2024, Defendants removed the case to this Court. (Doc. 1.) In Defendants' Notice of Removal ("Notice"), Defendants state that removal to federal court is proper because this Court has federal question jurisdiction under 28 U.S.C. § 1331. (*Id.* at 2.) Defendants have now filed the present Amended Motion to Quash for insufficient process and insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5). (Doc. 19.)

## II.   STANDARD

Once the sufficiency of service is brought into question, the plaintiff has the burden of proving proper service of process. *Diamond Resorts U.S. Collection Dev., LLC v. Royce*, No. 6:18-cv-127-Orl-37DCI, 2018 WL 7324569, at *2 (M.D. Fla. Nov. 6, 2018); *Banco Latino, S.A. C.A. v. Gomez Lopez*, 53 F. Supp. 2d 1273, 1277 (S.D. Fla. 1999). If the plaintiff can establish that service was proper, the burden shifts to the defendant to "bring strong and convincing evidence of insufficient process." *Hollander v. Wolf*, No. 09-80587, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 2009).

## III.   DISCUSSION

Plaintiff argues that service was properly effectuated on Ward individually and as member or manager of Ward Photonics through drop service. (Doc. 26 at 2, 5.) Drop service occurs when service is properly effectuated by leaving the summons and complaint at the residence of the person to be served after said person has intentionally

evaded service. *See U.S. S.E.C. v. Reinhard*, 352 F. App'x 309, 313 (11th Cir. 2009) (explaining drop service and recognizing the validity of drop service under both Federal Rule of Civil Procedure 4(e) and Florida law). Plaintiff alleges that the process server effectuated proper service on Ward individually and as member or manager of Ward Photonics through drop service at Ward's residence after several attempts to serve Ward had already been made. (Doc. 26 at 2, 5.) Plaintiff further alleges Ward willfully evaded service of process by quickly entering the residence immediately after the process server called out to Ward in the hallway. (*Id*.) On the other hand, Defendants argue that because the Affidavit of Service does not establish that the individual entering the residence was Ward, that Ward intentionally evaded service, or that the process server announced the contents of the documents to Ward or watched Ward retrieve the documents, service was invalid. (Doc. 19 at 5–6.)

Ward Photonics is a voluntarily dissolved LLC, which—despite its dissolution—continued operating real property in Florida. (Doc. 1-1 ¶¶ 2–3.) Federal Rule of Civil Procedure 4(h) provides that service on a limited liability company may be perfected by providing a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1)(B). A limited liability company may also be served by following state law. Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1).

Under Florida law, if the limited liability company cannot be served through its registered agent after a good faith attempt, process may be served on:

> (a)  Any manager of a manager-managed domestic limited liability company or registered foreign limited liability company.
>
> (b)  Any member of a member-managed domestic limited liability company or registered foreign limited liability company.
>
> (c)  Any person listed publicly by the domestic limited liability company or registered foreign limited liability company on its latest annual report, as most recently amended.

Fla. Stat. § 48.062(3)(a)–(c). Under the Florida Statute § 48.031, an individual defendant may be served by:

> delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.

Fla. Stat. § 48.031(1)(a).

According to Florida's Division of Corporations, the registered agent for Ward Photonics is Terry Ward, at a registered address other than the one where service was effectuated.[1] According to Ward Photonics' most recent annual report, Ward is a

---

[1] https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=WARDPHOTONICS%20L130000086910&aggregateId=flal-l13000008691-35e0ad96-370a-4062-866d-0b8f5091c725&searchTerm=Ward%20Photonics&listNameOrder=WARDPHOTONICS%20L130000086910 (last visited Nov. 4, 2024).

member or manager of Ward Photonics. The Affidavit of Service indicates that Plaintiff made several good-faith attempts to serve Defendant Ward at the registered address, as required by Florida Statute § 48.062(3). (Doc. 1-3 at 14–18.)

For instance, on May 23, 2024, at 10:26 a.m., the Affidavit of Service shows that the process server went to the registered address and asked the receptionist for Ward. (*Id*. at 14.) In response, the receptionist told the server that "Ward was here earlier, but he is gone now." (*Id*.) Around this time, an individual named Chris came to the office and told the server that "he should be back in the office on Tuesday May 28, 2024." (*Id*.) On May 28, 2024, at 10:55 a.m., the server went back to the registered address and again asked the receptionist for Ward. (*Id*.) Ward was once again not present. (*Id*.) After the process server waited for Ward about fifteen minutes, the server left the location. (*Id*.) The next day, at 9:35 a.m., the server returned to the registered address and spoke with the same receptionist. (*Id*.) Ward was again not present, and an individual told the server that Ward "was not here." (*Id*.) In light of the foregoing, the undersigned concludes that Plaintiff made several good-faith attempts to serve Ward individually and as Ward Photonics' registered agent, pursuant to Florida Statute § 48.062(3).

The Affidavit of Service also shows that the process server received a residential address for Ward at 85 S. Atlantic Avenue, Apt. 504, Cocoa Beach, FL 32931. (Doc. 1-3 at 14.) A maintenance worker at that location confirmed to the server that Ward lives in unit 504 and drives a black Humvee. (*Id*. at 15.) On June 15, 2024, the server returned to this residential address and observed a black Humvee in the parking lot.

(*Id.*) As the process server waited near unit 504, a man and a woman approached the unit and began unlocking the door. (*Id.*) The sever called out to Ward. (*Id.*) Immediately after the server called out to Ward, he quickly opened the door, entered the residence, and shut the door. (*Id.*) After the woman approached the server, the server told the woman that the sever had a "delivery of legal documents for Mr. Ward," to which the woman replied that she was not "taking any papers for him." (*Id.*) The server then placed the summons and complaint at the door and left. (*Id.*)

Under Florida law, service is proper if a party being served attempts to avoid service and "the process server leaves the papers at a place from which such person can easily retrieve them and takes reasonable steps to call such delivery to the attention of the person to be served." *Prepared Food Photos, Inc. v. AgewellSolutions, LLC*, No. 6:23-CV-453-WWB-DCI, 2024 WL 3561144, at *4 (M.D. Fla. May 29, 2024) (quoting *Olin Corp. v. Haney,* 245 So.2d 669, 670–71 (Fla. Dist. Ct. App. 1971)), *report and recommendation adopted*, 2024 WL 4604041. "[C]ourts have considered [drop service] equivalent to personal service when the individual flees the process server to avoid service" even though Florida Statute § 48.031 does not expressly provide for drop service. *Id*. at 4. (citing *Sportcrete Ltd. v. Sternberg*, No. 6:11-CV-175-Orl-18GJK, 2011 WL 13298767, at *4 (M.D. Fla. Oct. 6, 2011)); *see also Reinhard*, 352 F. App'x at 313–14 (11th Cir. 2009) (holding that "drop service" was properly effectuated when the person to be served answered the door, quickly slammed the door when the server made their presence known, and the person found the service papers at his door on a later date).

In this case, the server reasonably concluded the man at unit 504 was Ward because the server had received information that Ward lived in unit 504, the building's maintenance worker informed the server that Ward lived in unit 504, and the woman outside unit 504 implicitly confirmed Ward's identification when she said "I'm not taking any papers for him" after the server informed her of a "delivery of legal documents for Mr. Ward." (Doc. 1-3 at 14–15.)

As in *Prepared Food Photos, Inc.*, Ward attempted to avoid service by hastily entering his residence and shutting the door immediately after the process server called out to him. (Doc. 1-3 at 15.) The server here, as in *Prepared Food Photos, Inc., Sternberg*, and *Reinhard,* left the summons and complaint at a place Ward could easily retrieve them by placing the summons and complaint at his door after the server made their presence known. (Doc. 1-3 at 15.) Further, similar to *Prepared Food Photos, Inc.*, the server took "reasonable steps to call such delivery to the attention of the person to be served" by calling out to Ward, by telling the woman with whom Ward was entering his residence that the server had legal documents for Ward, and by placing the documents at Ward's door. (Doc. 1-3 at 15.)

Defendants, for their part, rely upon *Schupak v. Sutton Hill Assocs.*, 710 So. 2d 707, 709 (Fla. Dist. Ct. App. 1998), in requesting that the Court grant their Motion. (Doc. 26 at 5–6.) Defendants argue that *Schupak* stands for the proposition that drop service hinges on two key factors as to constructive service: first, the process sever must identify the person to be served and confirm that an eligible person is present at the residence; and second, there must be clear evidence of the defendant's deliberate

- 7 -

evasion. (*Id.*) But the Court finds *Schupak* to be easily distinguishable on the facts. In *Schupak,* the summons and complaint were left with an employee of the building, there was no evidence that the person to be served was present inside the apartment, and no evidence showed that the person to be served "frustrated service of process." 710 So. 2d at 708–709. Here, the server had sufficient evidence that Ward was inside his residence because the server saw Ward enter it, and Ward "frustrated service of process" by hastily entering his residence immediately after the server called out to him. (Doc. 1-3 at 15.) Also, unlike *Schupak*, the server in the present case left the summons and complaint at Ward's front door at a place where he would likely see the documents, in front of a person who was entering the residence with him. (Doc. 1-3 at 15.)

Based on the foregoing, the Court finds that service was valid on both Defendant Ward Photonics through its manager or manager and on Defendant Ward as an individual because drop service was properly effectuated. Accordingly, it is **ORDERED** that the Motion (Doc. 19) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 7, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE